# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARCOS RIVERA, | : | |
| | : | Civil Action No. 12-0536 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| P. MILLER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Marcos Rivera
East Jersey State Prison
Rahway, NJ 07102-130

**HILLMAN**, District Judge

Plaintiff Marcos Rivera, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, seeks to bring this civil action asserting claims pursuant to 42 U.S.C. § 1983.  Plaintiff neither prepaid the $350 filing fee nor submitted an application for leave to proceed <u>in forma pauperis</u>.

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, a prisoner seeking to bring a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement

of all assets and liabilities, which states that the prisoner is
unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner
also must submit a certified copy of his inmate trust fund
account statement(s) for the six-month period immediately
preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).
The prisoner must obtain this certified statement from the
appropriate official of each correctional facility at which he
was or is confined during such six-month period.  Id.

     Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee in
installments.  28 U.S.C. § 1915(b)(1).  In each month that the
amount in the prisoner's account exceeds $10.00, until the
$350.00 filing fee is paid, the agency having custody of the
prisoner shall assess, deduct from the prisoner's account, and
forward to the Clerk of the Court an installment payment equal to
20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

     Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action: (1) is frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis

actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to apply to re-open within 30 days.[1]

An appropriate Order will be entered.

At Camden, New Jersey                  s/ Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated:  April 5, 2012

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).