NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____ :
                            :
MARCOS RIVERA,              :
                            :   Civil Action No. 12-0536(NLH)
          Plaintiff,        :
                            :
     v.                     :   OPINION
                            :
P. MILLER, and             :
J. PRUSZINSKI,             :
                            :
          Defendants.       :
_____ :
```

**APPEARANCES:**

Marcos Rivera
9168 Edmonston Road
Apt. 303
Greenbelt, MD  20770
     Plaintiff  pro se

**HILLMAN,** District Judge

Plaintiff seeks to bring this civil action, in forma

pauperis,[1] for damages for an injury allegedly sustained on

---

[1] Plaintiff originally submitted his Complaint while he was
confined at South Woods State Prison.  Plaintiff neither prepaid
the filing fee nor submitted an application for leave to proceed
in forma pauperis ("IFP application").  Accordingly, this Court
entered an Opinion and Order [2, 3] administratively terminating
this matter and granting Plaintiff leave to apply to reopen by
either prepaying the filing fee or submitting a complete IFP
application.  Thereafter, Plaintiff was released from prison and
submitted a request to re-open this matter and a complete IFP

December 14, 2006, while he was confined at South Woods State Prison in Bridgeton, New Jersey.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and attachments and are accepted as true for purposes of this review.  Plaintiff alleges that on or about December 14, 2006, while he was confined at South Woods State Prison in Bridgeton, New Jersey, he was attacked and beaten by Defendants P. Miller and J. Pruszinski, who are not otherwise described.  Plaintiff asserts that the defendants threw him to the floor and repeatedly punched, kicked and stomped him, until blood spurted out of his mouth and head, from above his right eye.  He states that he was treated by a nurse who stitched the laceration above his right eye.

---

application.  Based upon the new IFP application, this Court will order the Clerk of the Court to re-open the Court's file in this matter and will grant Plaintiff leave to proceed in forma pauperis.

Plaintiff states that, over a period of months following this attack, he suffered excruciating pain, an inability to concentrate, and mood swings.  Sometime between September 2008 and April 2009, Plaintiff underwent cataract surgery, the need for which he attributes to trauma suffered during the December 2006 beating.  Plaintiff states that he has lost the sight in his right eye and he seeks damages in the amount of $500,000.00.

The Complaint is dated January 21, 2012.  Plaintiff acknowledges that the Complaint is not timely, but asserts that the limitations period did not begin to run until November 30, 2011, pursuant to the "discovery rule," because he did not receive his medical records from South Woods State Prison until that date.  He does not state when he first requested the records.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

While a complaint ... does not need detailed factual

3

> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do ... .  Factual allegations must be enough to
> raise a right to relief above the speculative level
> ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted).  That is, a complaint must assert "enough

facts to state a claim to relief that is plausible on its face."

Id. at 570.

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

Twombly, 550 U.S. at 556).  Thus, a court is "not bound to

accept as true a legal conclusion couched as a factual

allegation," and "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not

suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (citations

omitted).

> To determine whether a complaint meets the pleading
> standard, our analysis unfolds in three steps.  First,
> we outline the elements a plaintiff must plead to
> state a claim for relief.  Next, we peel away those
> allegations that are no more than conclusions and thus
> not entitled to the assumption of truth.  Finally, we
> look for well-pled factual allegations, assume their
> veracity, and then "determine whether they plausibly
> give rise to an entitlement to relief."  This last
> step is "a context-specific task that requires the
> reviewing court to draw on its judicial experience and

common sense."

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  ANALYSIS

Plaintiff does not state the basis for asserting federal jurisdiction over his claim.  Moreover, he has failed to allege facts sufficient to establish either federal question jurisdiction, see 28 U.S.C. §§ 1331, or diversity jurisdiction,

5

see 28 U.S.C. § 1332.

To the extent Plaintiff seeks to assert federal question jurisdiction, for example, for a claim arising under 42 U.S.C. § 1983, he has failed to allege facts establishing a jurisdictional basis.  More specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Here, Plaintiff has failed to allege any facts suggesting that either of the two defendants is a state actor (e.g., a correctional officer) as opposed to a private actor (e.g., another prisoner).  In the absence of any factual allegations that the defendants are state actors, Plaintiff has alleged merely that two individuals assaulted him, a potential tort under state law.  This does not state a claim for a violation,

6

by a state actor, of a right secured by the Constitution or laws of the United States.

Alternatively, Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000,[2] exclusive of interest and costs, and is between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt, Inc., 316 F.3d 408, 410 (3d Cir. 2003).

A plaintiff, as the party asserting diversity jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is

---

[2] Plaintiff asserts damages in excess of the $75,000 jurisdictional amount.

fatal to diversity jurisdiction"). See Gay v. Unlever Trumbull, C.T., Civil Action No. 11-5929, 2013 WL 2338604, *3 (D.N.J. May 28, 2013) (citing American Motorists Ins. and Universal Reinsurance).

> Specifically with respect to individuals,
>
> For purposes of determining diversity, state citizenship is equated with domicile.  Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another.  Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile.  Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 F.App'x 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)).  Thus, the fact of incarceration in New Jersey is insufficient to establish the citizenship of any of the parties, and Plaintiff has alleged no facts regarding his own citizenship or the citizenships of the Defendants.

The Court is mindful that Plaintiff appears here pro se and that, therefore, the Complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

Accordingly, the Complaint will be dismissed without prejudice for failure to plead facts establishing jurisdiction.

IV.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, for lack of jurisdiction.  An appropriate order follows.

At Camden, New Jersey                        s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated: June 10, 2014